# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SANTOSH CHERIAN, on behalf of himself and all others similarly situated,<br><br>　　　　　　　Plaintiff,<br><br>v.<br><br>MANIPAL EDUCATION AMERICAS, LLC, and AMERICAN UNIVERSITY OF ANTIGUA INC.,<br><br>　　　　　　　Defendants. | Case No. 1:24-cv-00404-JLR<br><br>Judge Jennifer L. Rochon<br><br>**SUPPLEMENTAL BRIEF IN SUPPORT OF PLAINTIFF'S UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT** |

**INTRODUCTION**

Plaintiff Santosh Cherian, on behalf of himself and all others similarly situated, hereby submits this Supplemental Brief in Support of his Unopposed Motion for Preliminary Approval of Class Settlement to address issues raised by the Court at the September 4, 2024, hearing on the preliminary approval motion. Specifically, the Court asked Plaintiff to discuss the standard articulated in *Moses v. New York Times Co.*, 79 F.4th 235 (2d Cir. 2023) for approval of class action settlements. Although the *Moses* case was reviewing final approval of a class settlement rather than preliminary approval (where the Court need only find that the settlement is likely to satisfy Fed. R. Civ. P. 23(e)(2)), even if the Court applies the *Moses* case here, the Parties' Settlement is certainly fair, reasonable and adequate, and likely to meet the standard for final approval.

Additionally, the Court requested that Plaintiff address what relief is available at trial compared to the relief offered at Settlement. In short, no data breach case has yet gone to trial. However, data breach cases that have achieved class certification have forecasted the damages available at trial, which include lost time, out-of-pocket losses, and nominal damages, all of which are benefits provided by the Settlement (in addition to others). Other data breach cases have failed to have a class certified resulting in less relief than would be available here.

Finally, the Court requested minor modifications to the short form notice (Exhibit A to the Settlement Agreement), which Plaintiff has made.

Plaintiff respectfully requests that the Court grant preliminary approval of the parties' proposed class action settlement in this matter under Federal Rule of Civil Procedure 23.[1]

---

[1] Defendants Manipal Education Americas, LLC, and American University of Antigua do not oppose the relief sought in this motion and support preliminary approval of the Settlement.

1

## ARGUMENT

In *Moses*, on an appeal of final approval of a class action settlement by an objector, the Second Circuit held that the Ruler 23(e)(2) factors implemented in 2018 "prohibit courts from applying a presumption of fairness to proposed settlements arising from an arms-length agreement." 79 F.4th at 243. Instead, courts must "consider the four factors outlined in Rule 23(e)(2) holistically, taking into account - among other substantive considerations stated in the rule - the proposed attorneys' fees and incentive awards." *Id.* The Second Circuit was clear that the Rule 23(e)(2) analysis "does not displace our traditional *Grinnell* factors, which remain a useful framework for considering the substantive fairness of a settlement." *Id.* As the hearing on the preliminary approval motion, the Court requested Plaintiff provide additional briefing on the substantive fairness of the Settlement, specifically (1) the arms-length negotiations of the Parties, and (2) the terms if any proposed award of attorney's fees. The Court also requested additional briefing on the damages available to the Class should this case proceed to trial.

### A. The Settlement Was Negotiated at Arm's Length

Even if the Court does not presume that the Parties' Settlement here is procedurally fair, it is clear from the record that Rule 23(e)(2)(B) is satisfied because the Settlement was negotiated at arm's length by attorneys experienced in class actions and claims regarding data breaches. *See Ortiz v. Fibreboard Corp.*, 527 U.S. 815, 852 (1999) ("[O]ne may take a settlement amount as good evidence of the maximum available if one can assume that parties of equal knowledge and negotiating skill agreed upon the figure through arms-length bargaining."); Doc. 25, Declaration of Raina C. Borrelli in Support of Plaintiff's Motion for Preliminary Approval of Class Action Settlement ("Borrelli Decl."), ¶¶6-9. Early in this case, the Parties agreed to explore settlement and engaged in Federal Rule of Evidence 408 communications. *Id.* ¶6. Before beginning

2

negotiations, Plaintiffs requested, and Defendant produced, key information needed to inform their settlement discussions, including the size of the class, the types of data involved in the breach, Defendant's discovery of and response to the Data Incident, and the notice provided as a result of the Data Incident. *Id*. ¶7. After Plaintiff received this information, he issued an opening demand, and the Parties proceeded to engage in hard fought and arms-length negotiations. *Id.* ¶8. Throughout these negotiations, the Parties negotiated each of the material terms of the eventual Settlement, communicating their positions and evaluating the strengths and weaknesses underlying their claims and defenses. *Id*.

Counsel engaged in these discussions have extensive experience litigating consumer cases, including class actions involving data breaches. Borrelli Decl. ¶¶16, 19-23, and Exhibit A; https://www.bakerlaw.com/professionals/john-p-hutchins/. As a result of their collective years of experience advocating for their respective clients in data breach litigation, counsel for the Parties were able to fight hard to reach a compromise result. Plaintiff's counsel is confident that the relief provided by the Settlement meets, and even exceeds, what has been achieved in similar litigation. Borrelli Decl. ¶13.

Thus, the arm's length nature of the Settlement negotiations favor preliminary approval. *See, e.g. Nordhaus v. Reichenbach Rest. Grp.*, 2024 U.S. Dist. LEXIS 63986, at *4 (S.D.N.Y. Apr. 8, 2024) ("The settlement negotiations were at all times hard fought and arm's length, between parties represented by counsel experienced in wage and hour law, and they have produced a result that Class Counsel believes to be in the best interests of the Class in light of the costs and risks of continued litigation."); *Severino v. Avondale Care Grp., LLC*, No. 1:21-cv-10720 (SDA), 2024 U.S. Dist. LEXIS 16923, at *5 (S.D.N.Y. Jan. 31, 2024) ("The Court finds that the Settlement Agreement is procedurally fair because it was reached through vigorous, arm's-length negotiations

and after experienced counsel had evaluated the merits of Plaintiffs' claims through factual and legal investigation.").

### B. The Relief Provided to the Settlement Class is Adequate When Considering the Proposed Attorney's Fees

Pursuant to the Settlement Agreement, Defendant will pay for Plaintiff's attorneys' fees, costs, and expenses (not to exceed $136,500.00) and service award to Plaintiff (not to exceed $2,500). Doc. 24-1, Settlement Agreement ("S.A."), ¶¶8.1-8.2. Settlement Class Counsel will separately petition the Court for such fees, costs, and expenses at least 14 days before the Opt-Out and Objection Deadlines, unless the Court orders otherwise. *Id.* ¶8.3. These attorneys' fees, costs, and expenses (as well as the Service Award) will be paid by Defendant separate and apart from any relief to the Settlement Class, meaning that payment of these amounts do not detract at all from the funds available for Class Member claims. Supplemental Declaration of Raina Borrelli ("Borrelli Supp. Decl."), at ¶5; *In re Canon United States Data Breach Litig.*, No. 20-CV-6239-AMD-SJB, 2024 U.S. Dist. LEXIS 138499, at *13 (E.D.N.Y. Aug. 5, 2024) ("For a class settlement where fees are not paid from a common fund, do not detract from class recovery, and are paid because of a contractual provision, the Court's inquiry is a more relaxed reasonableness analysis.").

In *Moses*, the Second Circuit noted that, when analyzing the adequacy of class relief, the court should "review both the terms of the settlement and any fee award encompassed in a settlement agreement in tandem." 79 F.4th at 244 (cleaned up; citation omitted). Here, the attorneys' fees and costs and the service award requested here are consistent with those regularly accepted by Second Circuit courts and are reasonable in light of the significant relief the Settlement provides to the Settlement Class, supporting the substantive fairness of the Settlement. Under the Settlement, Defendant will pay all valid and timely claims. If all 4,868 Settlement Class Members

4

claimed the full $1,000 in reimbursement for out-of-pocket expenses, the value of the Settlement benefits alone would be $4,868,000. Using this value, Plaintiff's fee request would be less than 3%. Taking a more conservative valuation of the Settlement, if all Settlement Class members claimed the maximum amount of lost time (4 hours at $25/hour, or $100), the value of that Settlement benefit is $486,800, and the fee request would be 28%. Neither of these calculations even take into account the cost of notice and claims administration (estimated at approximately $15,000, *see* Borrelli Supp. Decl., ¶6) or the value of the two-years of three-bureau credit monitoring that Settlement Class members can claim, which would retail for approximately $480 per Settlement Class member.[2] Doing so would only decrease the percentage of the attorney's fees and costs that will be sought in comparison to total Settlement benefits.

Moreover, based on Plaintiff's counsel's lodestar to date, the requested attorneys' fees represent a modest multiplier of 3.2, which will decrease ahead of final approval given the work Plaintiffs' counsel will do to assist with notice and claims administration as well as moving for final approval of the Settlement. *See* Borrelli Supp. Decl. at ¶7. This multiplier is, and as it decreases will continue to be, within the range accepted by courts in the Second Circuit. In fact, courts in this jurisdiction regularly award lodestar multipliers of two times the lodestar or higher. *See, e.g., James v. China Grill Mgmt.*, 2019 U.S. Dist. LEXIS 72759, at *8 (S.D.N.Y. Apr. 30, 2019) (collecting cases with multipliers between 2 and 4.9); *Sewell v. Bovis Lend Lease LMB, Inc.*, 2012 U.S. Dist. LEXIS 53556, at *38 (S.D.N.Y. Apr. 16, 2012) ("Courts commonly award lodestar multipliers between two and six.").

Finally, although the Court did not specifically request briefing on this topic, Plaintiff addresses the Settlement term providing for a $2,500 service award to Plaintiff given the discussion

---

[2] *See* https://identitydefense.com/how-we-can-help/.

5

of this topic in *Moses*. *See* 79 F.4th at 245-46 (discussing incentive awards in the context of whether "class members [are treated] equitably relative to each other) (quoting Fed. R. Civ. P. 23(e)(2)(D)). The $2,500 service award that will be sought here is consistent with other data breach class action settlements. *See, e.g. Corra v. ACTS Ret. Servs.*, No. 22-2917, 2024 U.S. Dist. LEXIS 500, at *2 (E.D. Pa. Jan. 2, 2024) (granting preliminary approval to data breach settlement with $2,500 service awards for each of the two plaintiffs); *Carter v. Vivendi Ticketing United States LLC*, No. SACV 22-01981-CJC (DFMx), 2023 U.S. Dist. LEXIS 210744, at *35 (C.D. Cal. Oct. 30, 2023) (finally approving $2,500 service awards for the plaintiffs in a data breach class action settlement); *In re Forefront Data Breach Litig.*, No. 21-cv-887, 2023 U.S. Dist. LEXIS 175848, at *30 (E.D. Wis. Mar. 22, 2023) (finally approving $2,500 service awards to the plaintiffs in a data breach class action). Here, Plaintiff initiated this case by contacting Plaintiff's counsel and agreeing to serve as a class representative. Plaintiff assisted in providing facts for the complaint and spent time reviewing documents and meeting with Plaintiff's counsel to do so. Plaintiff remained in contact with Plaintiff's counsel after filing his action regarding the progress of the case. He provided information to assist in settlement negotiations and was available throughout the settlement negotiations and settlement process to answer questions and represent the interests of the Settlement Class. Plaintiff was each prepared to take on the responsibilities of a class representative, including being deposed and testifying at trial. The amount requested is reasonable and modest relative to awards regularly granted by courts in this jurisdiction. *See Dornberger v. Metropolitan Life Ins. Co.*, 203 F.R.D. 118 (S.D.N.Y. 2001) (noting in class actions representative plaintiff awards for $2,500 or more are commonly accepted). Thus, a modest incentive award to Plaintiff is appropriate. *See Moses*, 79 F.4th at 245 (recognizing that modest service awards are appropriate).

Plaintiff intends to justify his fee request in detail when he files his motion for attorneys' fees, costs and Plaintiff's service award. At the preliminary approval stage, the fee and costs and service award terms are reasonable when compared to the relief provided to the Settlement Class such that preliminary approval should be granted.

### C. The Settlement Exceeds the Relief that Could be Obtained at Trial

Plaintiff's counsel is not aware of any data breach class actions that have gone to trial, and thus it is difficult to predict what a jury may award. However, recent class certification decisions in data breach actions provide a roadmap for the types of relief that will be sought on a classwide basis. One potential class damages option that may be available classwide is damages for the value of time spent mitigating the risk of harm. *See Savidge v. Pharm-Save, Inc.*, 2023 WL 2755305, *21 (W.D. Ky. Mar. 31, 2023) ("[T]he Court believes Korczyk possesses the 'scientific, technical, or other specialized knowledge' to offer an opinion on the projected value of Plaintiffs' time necessary to protect against future harm to their PII at trial. This figure could help the jury decide damages if they successfully prove liability on either of their remaining claims, and particularly if the jury determines Plaintiffs are entitled to compensation for their increased risk of future harm.") (internal citation omitted); *see also Green-Cooper v. Brinker Int'l, Inc.*, 73 F.4th 883, 894 (11th Cir. 2023) (finding "the value of [class member] time" was a valid class damages model). Another potential option is the value of out-of-pocket damages. *See Brinker*, 73 F.4th at 893. And last, nominal damages have been recognized as a vehicle for class damages in data breach cases. *See Attias v. Carefirst, Inc.*, 346 F.R.D. 1, 12 (D.D.C. 2024).

Here, Settlement Class Members can recover each of these categories and more, with the Settlement providing for: (1) up to $1,000 for reimbursement of out-of-pocket expenses incurred as a result of the Data Incident, with third-party documentation; (2) up to $100 for reimbursement

7

of time spent as a result of the Data Incident (up to 4 hours at $25 per hour); (3) up to $5,000 for reimbursement of extraordinary losses, like significant identity theft or fraud, with third-party documentation; (4) two years of three-bureau credit monitoring with at least $1,000,000 in identity theft protection insurance; or, (5) in the alternative to (1)-(4), a $25 cash payment. Settlement Class Members can obtain these benefits now rather than waiting for the risk and uncertainty of class certification and trial, evidencing that the Settlement is fair, reasonable and adequate. *See*

### D. Short Form Notice

The Court requested minor modifications to the short form notice (Doc. 24-1 at Ex. A (pg. 27)). Plaintiff has added the phrase "valid and substantiated" to the description of claims that will be approved. Additionally, Plaintiff has modified the description of "Alternative Cash Payment" to be clear that it is in the alternative to each of the other forms of relief available. *See* Borrelli Suppl. Decl., Ex. A.

### **CONCLUSION**

For the foregoing reasons, and the reasons stated in Plaintiff's Unopposed Memorandum of Law in Support of Motion for Preliminary Approval of Class Action Settlement (Doc. 24), Plaintiff respectfully requests that the Court enter the Proposed Order Granting Preliminary Approval of Class Action Settlement.

Dated: September 18, 2024                By: */s/ Raina C. Borrelli*
                                                                            Raina C. Borrelli (*pro hac vice*)
                                                                            STRAUSS BORRELLI PLLC
                                                                            One Magnificent Mile
                                                                            980 N. Michigan Avenue, Suite 1610
                                                                            Chicago IL, 60611
                                                                            Telephone: (872) 263-1100
                                                                            Facsimile: (872) 263-1109
                                                                            raina@straussborrelli.com

>James J. Bilsborrow (NY Bar # 519903)
>WEITZ & LUXENBERG, PC
>700 Broadway
>New York, NY  10003
>Telephone: (212) 558-5500
>jbilsborrow@weitzlux.com

*Attorneys for Plaintiff and the Proposed Class*

9

## CERTIFICATE OF SERVICE

    I, Raina Borrelli, hereby certify that on September 18, 2024, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to counsel of record, below, via the ECF system.

DATED this 18th day of September, 2024.

                              STRAUSS BORRELLI PLLC

                              By: */s/ Raina Borrelli*
                                    Raina Borrelli
                                    STRAUSS BORRELLI PLLC
                                    One Magnificent Mile
                                    980 N. Michigan Avenue, Suite 1610
                                    Chicago IL, 60611
                                    Telephone: (872) 263-1100
                                    Facsimile: (872) 263-1109
                                    raina@straussborrelli.com