UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SANTOSH CHERIAN, on behalf of himself and all others similarly situated,<br><br>　　　　　　　Plaintiff,<br><br>v.<br><br>MANIPAL EDUCATION AMERICAS, LLC, and AMERICAN UNIVERSITY OF ANTIGUA INC.,<br><br>　　　　　　　Defendant. | Case No. 1:24-cv-00404-JLR<br><br>Judge Jennifer L. Rochon |

### [~~PROPOSED~~] ORDER GRANTING PLAINTIFF'S MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT

Before the Court is Plaintiff's Motion for Final Approval of Class Action Settlement ("Motion for Final Approval"). The Motion seeks approval of the Settlement as fair, reasonable, and adequate. Also before the Court is Plaintiff's Motion for Attorneys' Fees, Costs, and Expenses to Settlement Class Counsel, and Service Award Payment to Plaintiff ("Motion for Attorneys' Fees").

Having reviewed and considered the Settlement Agreement, Motion for Final Approval, Motion for Attorneys' Fees, and having conducted a Final Approval Hearing, the Court makes the findings and grants the relief set forth below approving the Settlement upon the terms and conditions set forth in this Order.

**WHEREAS**, on October 3, 2024, the Court entered an Order Granting Preliminary Approval of Class Action Settlement ("Preliminary Approval Order") (Doc. No. 32) which, among other things: (a) conditionally certified this matter as a class action, including defining the class and class claims, (b) appointed Plaintiff as the Settlement Class

1

Representative and appointed Settlement Class Counsel; (c) preliminarily approved the Settlement Agreement; (d) approved the form and manner of Notice to the Settlement Class; (d) set deadlines for opt-outs and objections; (e) approved and appointed the Settlement Administrator; and (f) set the date for the Final Approval Hearing;

**WHEREAS**, on November 1, 2024, pursuant to the Notice requirements set forth in the Settlement Agreement and in the Preliminary Approval Order, the Settlement Class was notified of the terms of the proposed Settlement Agreement, of the right of Settlement Class Members to opt-out, and the right of Settlement Class Members to object to the Settlement Agreement and to be heard at a Final Approval Hearing;

**WHEREAS**, on April 16, 2025, the Court held a Final Approval Hearing to determine, *inter alia*: (1) whether the terms and conditions of the Settlement Agreement are fair, reasonable, and adequate for the release of the claims contemplated by the Settlement Agreement; and (2) whether judgment should be entered dismissing this action with prejudice;

**WHEREAS** the Court not being required to conduct a trial on the merits of the case or determine with certainty the factual and legal issues in dispute when determining whether to approve a proposed class action settlement; and

**WHEREAS**, the Court being required under Federal Rule of Civil Procedure 23(e) to make the findings and conclusions hereinafter set forth for the limited purpose of determining whether the Settlement should be approved as being fair, reasonable, adequate and in the best interests of the Settlement Class;

Having given an opportunity to be heard to all requesting persons in accordance with the Preliminary Approval Order, having heard the presentation of Settlement Class Counsel and counsel for Defendant, having reviewed all of the submissions presented with respect to

the proposed Settlement Agreement, having determined that the Settlement Agreement is fair, adequate, and reasonable, having considered the application made by Settlement Class Counsel for attorneys' fees, costs, and expenses, and the application for Service Award Payments to the Representative Plaintiff, and having reviewed the materials in support thereof, and good cause appearing:

**IT IS ORDERED** that:

1. The Court has jurisdiction over the subject matter of this action and over all claims raised therein and all Parties thereto, including the Settlement Class.

2. The Settlement involves allegations in Plaintiff's Class Action Complaint against Defendant for purported failure to implement or maintain adequate data security measures and safeguards to protect Personal Information, which Plaintiff allege directly and proximately caused injuries to Plaintiff and Settlement Class Members.

3. The Settlement does not constitute an admission of liability by Defendant, and the Court expressly does not make any finding of liability or wrongdoing by Defendant.

4. Unless otherwise indicated, words spelled in this Order and Judgment Granting Final Approval of Class Action Settlement ("Final Approval Order and Judgment") with initial capital letters have the same meaning as set forth in the Settlement Agreement.

5. The Court, having reviewed the terms of the Settlement Agreement submitted by the Parties, grants final approval of the Settlement Agreement, and for purposes of the Settlement Agreement and this Final Approval Order and Judgment only, the Court hereby finally certifies the following Settlement Class:

> All individuals residing in the United States whose PII was compromised in the Data Incident affecting Defendant that occurred on or around August 30, 2023, including all those individuals who received notice of the breach.

Excluded from the Settlement Class are: (i) Manipal Education Americas, LLC, and American University of Antigua Inc.; (ii) the Related Entities; (iii) all Settlement Class Members who timely and validly request exclusion from the Settlement Class; (iv) any judges assigned to this case and their staff and family; and (v) any other Person found by a court of competent jurisdiction to be guilty under criminal law of initiating, causing, aiding, or abetting the criminal activity occurrence of the Data Incident or who pleads nolo contendere to any such charge.

6. The Settlement was entered into in good faith following arm's length negotiations and is non-collusive. The Settlement is in the best interests of the Settlement Class and is therefore approved. The Court finds that the Parties faced significant risks, expenses, delays, and uncertainties, including as to the outcome, including on appeal, of continued litigation of this complex matter, which further supports the Court's finding that the Settlement Agreement is fair, reasonable, adequate, and in the best interests of the Settlement Class Members. The Court finds that the uncertainties of continued litigation in both the trial and appellate courts, as well as the expense associated with it, weigh in favor of approval of the settlement reflected in the Settlement Agreement.

7. The Settlement Agreement provides, in part, and subject to a more detailed description of the settlement terms in the Settlement Agreement, for:

    a. Settlement Class Members to be able to submit claims that will be evaluated by the Settlement Administrator.

    b. Defendant to pay all costs of Settlement Administration, including the cost of the Settlement Administrator, instituting Notice, processing and administering claims, and preparing and mailing checks.

    c. Defendant to pay, subject to the approval and award of the Court, the

reasonable attorneys' fees, costs, and expenses of Class Counsel and Service Award Payment to the Class Representative.

The Court readopts and incorporates herein by reference its preliminary conclusions as to the satisfaction of Rule 23 set forth in the Preliminary Approval Order and notes that because this certification of the Settlement Class is in connection with the Settlement Agreement rather than litigation, the Court need not address any issues of manageability that may be presented by certification of the Settlement Class proposed in the Settlement Agreement.

8. The terms of the Settlement Agreement are fair, adequate, and reasonable and are hereby approved, adopted, and incorporated by the Court. Notice of the terms of the Settlement, the rights of Settlement Class Members under the Settlement, the Final Approval Hearing, Plaintiff's application for attorneys' fees, costs, and expenses, and the Service Award Payments to the Settlement Class Representative have been provided to Settlement Class Members as directed by this Court's Orders, and proof of Notice has been filed with the Court.

9. The Court finds that the Notice, set forth in the Settlement Agreement and effectuated pursuant to the Preliminary Approval Order, was the best notice practicable under the circumstances, was reasonably calculated to provide and did provide due and sufficient notice to the Settlement Class of the pendency of the Action, certification of the Settlement Class for settlement purposes only, the existence and terms of the Settlement Agreement, and their right to object and to appear at the final approval hearing or to exclude themselves from the Settlement Agreement, and satisfied the requirements of the Federal Rules of Civil Procedure, the United States Constitution, and other applicable law.

10. As of the Opt-Out deadline, zero potential Settlement Class Members have requested to be excluded from the Settlement. All Settlement Class Members who have not validly

excluded themselves from the Settlement Class are bound by this Final Approval Order and Judgment.

11. Zero objections were filed by Settlement Class Members.

12. All Settlement Class Members who have not objected to the Settlement Agreement in the manner provided in the Settlement Agreement are deemed to have waived any objections by appeal, collateral attack, or otherwise.

13. The Court has considered all the documents filed in support of the Settlement, and has fully considered all matters raised, all exhibits and affidavits filed, all evidence received at the Final Approval Hearing, all other papers and documents comprising the record herein, and all oral arguments presented to the Court.

14. The Parties, their respective attorneys, and the Settlement Administrator are hereby directed to consummate the Settlement in accordance with this Final Approval Order and Judgment and the terms of the Settlement Agreement.

15. Pursuant to the Settlement Agreement, Defendant, the Settlement Administrator, and Settlement Class Counsel shall implement the Settlement in the manner and timeframe as set forth therein.

16. Within the time period set forth in the Settlement Agreement, the relief provided for in the Settlement Agreement shall be made available to the various Settlement Class Members submitting valid Claim Forms, pursuant to the terms and conditions of the Settlement Agreement.

17. Pursuant to and as further described in the Settlement Agreement, Plaintiff and the Settlement Class Members release claims as follows:

"Related Entities" means Defendant's past or present parents, subsidiaries, divisions, and related or affiliated entities, and each of Defendant's respective predecessors, successors, directors,

officers, shareholders, employees, principals, agents, attorneys, insurers, and reinsurers and any agent thereof, and includes, without limitation, any Person related to any such entity who is, was, or could have been named as a defendant in the Lawsuit, other than any Person who is found by a court of competent jurisdiction to be guilty under criminal law of initiating, causing, or aiding or abetting the criminal activity associated with the Data Incident or who pleads nolo contendere to any such charge.

"Released Claims" means any and all past, present, and future liabilities, rights, claims, counterclaims, actions, causes of action, demands, damages, penalties, costs, attorneys' fees, losses, and remedies, whether known or unknown, existing or potential, suspected or unsuspected, liquidated or unliquidated, legal, statutory, or equitable, that result from, arise out of, are based upon, including, but not limited to, negligence, negligence per se, breach of confidence, breach of implied contract, unjust enrichment, publicity given to private life, any state or federal consumer protection statute, misrepresentation (whether fraudulent, negligent, or innocent), bailment, wantonness, failure to provide adequate notice pursuant to any breach notification statute, regulation, or common law duty, and any causes of action under 18 U.S.C. §§ 2701 *et seq.*, and all similar statutes in effect in any states in the United States as defined herein, and including, but not limited to, any and all claims for damages, injunctive relief, disgorgement, declaratory relief, equitable relief, attorneys' fees, costs and expenses, set-offs, losses, pre-judgment interest, credit monitoring services, the creation of a fund for future damages, statutory damages, punitive damages, special damages, exemplary damages, restitution, the appointment of a receiver, and any other form of relief that either has been asserted, or could have been asserted, or relate to the exposure of Private Information in the Data Incident, and conduct that was alleged or could have been alleged in the Lawsuit, including, without limitation, any claims, actions, causes of action,

demands, damages, penalties, losses, or remedies relating to, based upon, resulting from, or arising out of the disclosure of Private Information (the "Released Claims"), provided that nothing in this Release is intended to, does or shall be deemed to release any claims not arising out of, based upon, resulting from, or related to the Data Incident.

"Released Persons" means Manipal Education Americas, LLC, and American University of Antigua Inc., the Related Entities, and each of their past or present parents, subsidiaries, divisions, and related or affiliated entities, and each of their respective predecessors, successors, assigns, owners, directors, shareholders, members, officers, employees, principals, agents, representatives, attorneys, insurers, and reinsurers.

On the Effective Date, the Parties and each and every Settlement Class Member shall be bound by the Settlement Agreement and shall have recourse only to the benefits, rights, and remedies provided hereunder. No other action, demand, suit, arbitration, or other claim may be pursued against Defendant or any Released Persons with respect to the Released Claims.

Upon the Effective Date, and to the fullest extent permitted by law, each Settlement Class Member, including Plaintiff, shall, either directly, indirectly, representatively, as a member of or on behalf of the general public or in any capacity, be permanently barred and enjoined from commencing, prosecuting, pursuing, or participating in any recovery in any action in this or any other forum (other than participation in the Settlement as provided herein) in which any of the Released Claims is asserted.

On the Effective Date and in consideration of the promises and covenants set forth in the Settlement Agreement, (i) Plaintiff and each Settlement Class Member, and each of their respective spouses and children with claims on behalf of the Settlement Class Member, executors, representatives, guardians, wards, heirs, estates, successors, predecessors, next friends, co-

borrowers, co-obligors, co-debtors, legal representatives, attorneys, agents, and assigns, and all those who claim through them or who assert claims (or could assert claims) on their behalf (including the government in the capacity as *parens patriae* or on behalf of creditors or estates of the releasors), and each of them (collectively and individually, the "Releasing Persons"), and (ii) Settlement Class Counsel and each of their past and present law firms, partners, or other employers, employees, agents, representatives, successors, or assigns will be deemed to have, and by operation of the Final Order and Judgment shall have, fully, finally, completely, and forever released and discharged the Released Persons from the Released Claims. The release set forth in the preceding sentence (the "Release") shall be included as part of any judgment, so that all Released Claims shall be barred by principles of res judicata, collateral estoppel, and claim and issue preclusion.

Without in any way limiting the scope of the Release, the Release covers, without limitation, any and all claims for attorneys' fees, costs, and expenses incurred by Settlement Class Counsel or any other counsel representing Plaintiff or Settlement Class Members, or any of them, in connection with or related in any manner to the Lawsuit, the Settlement, the administration of such Settlement and/or the Released Claims, as well as any and all claims for the Service Award to Plaintiff.

Subject to Court approval, as of the Effective Date, all Settlement Class Members shall be bound by the Settlement Agreement and the Release and all of their claims shall be dismissed with prejudice and released, irrespective of whether they received actual notice of the Lawsuit or this Settlement.

As of the Effective Date, the Released Persons are deemed, by operation of the entry of the Final Order and Judgment, to have fully released and forever discharged Plaintiff, the Settlement Class Members, Settlement Class Counsel, or any other counsel representing Plaintiff or

Settlement Class Members, or any of them, of and from any claims arising out of the Lawsuit or the Settlement. Any other claims or defenses Defendant or other Released Persons may have against Plaintiff, the Settlement Class Members, Settlement Class Counsel, or any other counsel representing Plaintiff or Settlement Class Members, including, without limitation, any claims based upon or arising out of any employment, debtor-creditor, contractual, or other business relationship that are not based upon or do not arise out of the institution, prosecution, assertion, settlement, or resolution of the Lawsuit or the Released Claims are not released, are specifically preserved and shall not be affected by the preceding sentence.

As of the Effective Date, the Released Persons are deemed, by operation of entry of the Final Order and Judgment, to have fully released and forever discharged each other of and from any claims they may have against each other arising from the claims asserted in the Lawsuit, including any claims arising out of the investigation, defense, or Settlement of the Lawsuit.

Nothing in the Release shall preclude any action to enforce the terms of the Settlement Agreement, including participation in any of the processes detailed herein.

18. The Court grants final approval to the appointment of Plaintiff as Settlement Class Representative. The Court concludes that the Settlement Class Representative has fairly and adequately represented the Settlement Class and will continue to do so.

19. Pursuant to the Settlement Agreement, and in recognition of his efforts on behalf of the Settlement Class, the Court approves a payment to the Settlement Class Representative in the amount of $2,500.00. Defendant shall make such payment in accordance with the terms of the Settlement Agreement.

20. The Court grants final approval to the appointment of Settlement Class Counsel. The Court concludes that Settlement Class Counsel has adequately represented the Settlement

Class and will continue to do so.

21.     The Court, after careful review of the fee petition filed by Settlement Class Counsel, and after applying the appropriate standards required by relevant case law, hereby grants Settlement Class Counsel's application for attorneys' fees and costs in the amount of $136,500.00. Payment shall be made pursuant to the terms of the Settlement Agreement.

22.     This Final Approval Order and Judgment and the Settlement Agreement, and all acts, statements, documents, or proceedings relating to the Settlement Agreement are not, and shall not be construed as, used as, or deemed to be evidence of, an admission by or against Defendant of any claim, any fact alleged in the Action, any fault, any wrongdoing, any violation of law, or any liability of any kind on the part of Defendant or of the validity or certifiability for litigation the Settlement Class or any claims that have been, or could have been, asserted in the Action.

23.     This Final Approval Order and Judgment, the Settlement Agreement, and all acts, statements, documents, or proceedings relating to the Settlement Agreement shall not be offered or received or be admissible in evidence in any action or proceeding, nor shall they be used in any way as an admission or concession or evidence of any liability or wrongdoing of any nature or that Plaintiff, any Settlement Class Member, or any other person has suffered any damage; provided, however, that the Settlement Agreement and this Final Approval Order and Judgment may be filed in any action by Defendant, Settlement Class Counsel, or Settlement Class Members seeking to enforce the Settlement Agreement or the Final Approval Order and Judgment (including, but not limited to, enforcing the releases contained herein).

24.     The Settlement Agreement and Final Order and Judgment shall not be construed or admissible as an admission by Defendant that Plaintiff's claims or any similar claims are suitable for class treatment.

25. The Settlement Agreement's terms shall be forever binding on, and shall have maximum res judicata, collateral estoppel, and all other preclusive effect in, all pending and future lawsuits, claims, suits, demands, petitions, causes of action, or other proceedings as to Released Claims and other prohibitions set forth in this Final Approval Order and Judgment that are maintained by, or on behalf of, any Settlement Class Member or any other person subject to the provisions of this Final Approval Order and Judgment.

26. If the Effective Date should not occur for any reason, then: (i) this Settlement Agreement and all orders entered in connection therewith shall be rendered null and void; (ii) the terms and provisions of the Settlement Agreement shall have no further force and effect with respect to the Parties and shall not be used in the Lawsuit or in any other proceeding for any purpose, and any judgment or order entered by the Court in accordance with the terms of the Settlement Agreement shall be treated as vacated, *nunc pro tunc*; (iii) Defendant shall be responsible for all Notice and Claims Administration Costs incurred prior to the termination or disapproval; (iv) all Parties shall be deemed to have reverted to their respective positions and status in the Lawsuit as of the date this Settlement Agreement was executed and shall jointly request that a new case schedule be entered by the Court; and (v) Defendant shall have no payment, reimbursement, or other financial obligation of any kind as a result of this Settlement Agreement, other than as stated in Sub-Part (iii) above.

27. This Court shall retain the authority to issue any order necessary to protect its jurisdiction from any action, whether in state or federal court.

28. Without affecting the finality of this Final Order and Judgment, the Court will retain jurisdiction over the subject matter and the Parties with respect to the interpretation and implementation of the Settlement Agreement for all purposes.

29. This Order resolves all claims against all Parties in this action and is a final order.

30. The matter is hereby dismissed with prejudice and without costs except as provided in the Settlement Agreement.

IT IS SO ORDERED

April 16, 2025
Dated

*Jennifer Rochon*
Judge